*Filed in open court*
*FMT 3/20/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-123-SLR |
| | : | |
| WILLIAM GARRETT, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and the defendant, William Garrett, by and through his attorney, John S. Malik, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant shall plead guilty in the United States District Court for the District of Delaware to Count 3 of the Indictment which charges tax evasion for the calendar year 2001, in violation of 26 U.S.C. § 7201, and which carries a maximum sentence of a term of imprisonment of five years, a fine of $250,000, three years of supervised release, a $100.00 special assessment, and the costs of prosecution, which the parties stipulate to be zero.

2.    The defendant understands that the elements of the offense to which he is pleading guilty are that: (a) he attempted to evade or defeat all or a portion of his tax due and owing for the calendar year 2001; (b) he had an additional tax due and owing for the calendar year 2001; and (c) he acted willfully.

3.    The defendant admits that he is in fact guilty of the offenses described in paragraph 1.

4.      The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a).  The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.  He understands that the final determination of the sentencing guidelines will be up to the sentencing judge.  The defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

5.      The defendant understands and agrees that, including relevant conduct for the years 1994 to 2000 and 2002 to 2003, the amount of tax avoided is between $80,000 and $200,000.  The defendant understands and agrees that his offense level based on the tax loss is therefore level 16.  He also understands there is some possibility that his guideline score could be increased for an abuse of a position of trust.  Based on the defendant's conduct to date, the United States agrees that the defendant should obtain a two level reduction for acceptance of responsibility, and that the United States will move for a further one-point reduction for acceptance of responsibility, provided that the defendant's offense level before consideration of acceptance of responsibility is 16 or greater, and the defendant does not engage in any conduct inconsistent with acceptance of responsibility subsequent to the signing of this agreement.

6.      The defendant acknowledges that he has civil tax liabilities for the years 1994-2003.  The defendant understands that he owes the Internal Revenue Service back taxes, penalties, and interest.  If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited

2

to, IRS Form 433-A and Form 433-B, as appropriate).  The defendant also agrees to provide the

above-described information to the probation office.  The defendant further acknowledges that

nothing in this agreement satisfies, settles, or limits his obligation to pay any taxes, back taxes,

penalties, and interest, for the years 1994-2003 or for any other time periods.

      7.    It is further agreed by the undersigned parties that this Memorandum supersedes all

prior promises, representations, and statements of the parties; that this Memorandum may be

modified only in writing signed by all the parties; and, that any and all promises, representations,

and statements made prior to or after this Memorandum are null and void and have no effect

whatsoever.

 

COLM F. CONNOLLY
United States Attorney

_____      By: _____

John Malik, Esquire                  Beth Moskow-Schnoll
Attorney for Defendant              Assistant United States Attorney

_____
William Garrett
Defendant

Dated:  3 - 20 - 07


      **AND NOW**, this ___20th___ day of ___March___, 2007, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.


_____
HONORABLE SUE L. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE


3