

# U.S. Department of Justice

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*  
*1007 Orange Street, Suite 700*  
*P.O. Box 2046*  
*Wilmington, Delaware 19899-2046*

*(302) 573-6277 x 124*  
*FAX (302) 573-6220*  
*TTY (302) 573- 6274*  
*Toll Free (888) 293-8162*  
*David.Weiss@usdoj.gov*

February 7, 2008

Honorable Sue L. Robinson
United States District Court
6124 Boggs Federal Building
844 King Street
Wilmington, DE 19801

  RE: United States v. William L. Garrett, Jr.
     Criminal Action No. 06-123-SLR

Dear Judge Robinson:

  This is in response to Mr. Malik's letter dated February 6, 2008, requesting a waiver of the requirement that Mr. Garrett's home confinement be monitored electronically.

  The government opposes defendant's request for the reasons set forth below. Defendant was sentenced on June 20, 2007, just seven months ago. At that time, the Court considered the positions of the parties regarding an appropriate sentence (including the Sentencing Memorandum Submitted on Behalf of Defendant William Garrett) and the pre-sentence report prepared by the United States Probation Office (USPO). The Court imposed a sentence of six months' incarceration, followed by two years of supervised release. The conditions of supervised release included four months of home confinement, with electronic monitoring, and specifically required that defendant pay the costs of the electronic monitoring. While Mr. Garrett seems to have completed his incarceration without incident and has otherwise complied with the instructions of the USPO, there is nothing to suggest that a modification of the conditions of supervised release is appropriate.

  The primary reason offered in support of defendant's request to waive electronic monitoring is Mr. Garrett's financial circumstances. I am told by the USPO that the costs of electronic monitoring are $3.18 per day or $22.26 per week. Mr. Garrett has returned to his job as a legal assistant at Ferry, Joseph & Pierce, P.A. Prior to his incarceration, defendant earned a monthly take home salary of $5700. Defendant's wife was employed as a nurse at the Tatnall School. These facts suggest that defendant has the financial wherewithal to pay the costs of electronic monitoring. While the government has no doubt that the electronic monitoring is

Hon. Sue L. Robinson
February 7, 2008
Page Two

inconvenient, financially and otherwise, that is by design. Electronic monitoring fulfills both a functional and punitive purpose. The device allows the USPO to monitor defendant's compliance with his curfew requirements for the four-month period following his release from prison and serves as a continued restriction on defendant's freedom.

Under the circumstances of this case, the government submits that electronic monitoring is appropriate and respectfully requests that defendant's request be denied.

                                    Respectfully,

                                    COLM F. CONNOLLY
                                    United States Attorney

                                 By: _____
                                    David C. Weiss
                                    First Assistant United States Attorney

DCW:kg

cc:  John S. Malik, Esquire
      Frank Kurzeknabe, USPO